IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ESSAR STEEL MINNESOTA LLC and ESML HOLDINGS INC., <br><br>                Debtors. | ) Chapter 11<br>) Case No. 16-11626 (CTG)<br>) (Jointly Administered)<br>)<br>) |
| KEVIN NYSTROM, solely in his capacity as Litigation Trustee for the UC LITIGATION TRUST,<br>                Plaintiff,<br>      v. | )<br>)<br>) Adv. Proc. No. 17-50001 (CTG)<br>)<br>) |
| MADHU VUPPULURI; SANJAY BHARTIA, PRASHANT RUIA, ANSHUMAN RUIA; and DOES 1-500,<br>                Defendants. | )<br>) Misc. No. 21-201 (MN)<br>) Misc. No. 21-215 (MN)<br>)<br>) |

**MEMORANDUM OPINION**

Mark E. Felger, Simon E. Fraser, COZEN O'CONNOR, Wilmington, DE – Attorneys for Madhu Vuppuluri.

Karen M. Grivner, CLARK HILL PLC, Wilmington, DE; Scott N. Schreiber, Michael P. Croghan, CLARK HILL PLC, Chicago, IL – Attorneys for Sanjay Bhartia.

Garvan F. McDaniel, Daniel K. Hogan, HOGAN MCDANIEL, Wilmington, DE; Stephen W. Tountas, Robert W. Novick, Melissa Barahona, Kasowitz Benson Torres LLP, New York, NY – Attorneys for Kevin Nystrom, as Litigation Trustee of the UC Litigation Trust.

July 20, 2022
Wilmington, Delaware

**NOREIKA, U.S. DISTRICT JUDGE:**

Pending before the Court are two motions for leave (Misc. No. 21-201-MN, D.I. 1; Misc. No. 21-215-MN, D.I. 1) ("the Motions for Leave"), filed by Madhu Vuppuluri and Sanjay Bhartia ("the Defendants"), defendants in the above-captioned adversary proceeding ("the Adversary Proceeding"), by which Defendants seek leave to appeal the Bankruptcy Court's May 5, 2021 opinion, *Nystrom v. Vuppuluri (In re Essar Steel Minnesota LLC)*, 2021 WL 1812666 (Bankr. D. Del. May 5, 2021) ("*Essar II*") ("the Opinion") and accompanying May 11, 2021 order (Adv. D.I. 179)[1] ("the Order"), which denied Defendants' respective motions to dismiss certain claims against them on the basis that those claims fell outside of the applicable statute of limitations. The Court has considered the oppositions to the Motions for Leave (Misc. No. 21-201-MN, D.I. 3; Misc. No. 21-215-MN, D.I. 2) filed by plaintiff Kevin Nystrom, solely in his capacity as Litigation Trustee ("the Plaintiff") for the Unsecured Creditors Litigation Trust ("the UC Trust"), as well as Mr. Vuppuluri's reply (Misc. No. 21-201-MN, D.I. 6) in further support of his Motion for Leave.[2] For the reasons set forth herein, the Court will deny the Motions for Leave.

---

[1]   The docket of the Adversary Proceeding, captioned *Nystrom v. Vuppuluri, et al.*, Adv. No. 17-50001 (CTG) (Bankr. D. Del.), is cited herein as "Adv. D.I. __." The docket of the chapter 11 cases, captioned *In re Essar Steel Minnesota LLC, et al.*, No. 16-11626 (CTG) (Bankr. D. Del.), is cited herein as "B.D.I. __."

[2]   On June 15, 2021, Mr. Vuppuluri filed a Motion for Leave to File Reply on the basis that the "Trustee's Opposition rests on two fundamental errors of law." (Misc. No. 21-201-MN, D.I. 4). The docket reflects that no opposition to this request was filed. The Court will therefore grant the Motion for Leave to File Reply as unopposed, and Mr. Vuppuluri's reply has been considered by the Court in reaching the ruling herein.

1

## I. BACKGROUND

### A. The Parties

This matter arises out of the chapter 11 cases of Essar Steel Minnesota LLC ("ESML"), a Minnesota corporation, and in connection with a failed billion-dollar construction project in the Minnesota iron processing industry. ESML was a wholly-owned subsidiary of Essar Global Fund Limited ("Essar Global"). Essar Global acquired ESML to construct a large-capacity, state-of-the-art iron ore mine and pellet plant ("the Project"). Mr. Vuppuluri, the former President and Chief Executive Officer of ESML, oversaw the Project. Mr. Bhartia is the former Chief Financial Officer of ESML.

After borrowing billions of dollars of debt, the Project was never completed, and ESML never produced any revenue or cash flow. On July 8, 2016, ESML filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to the confirmed *Third Amended Chapter 11 Plan of Reorganization of Mesabi Metallics Company LLC (f/k/a Essar Steel Minnesota LLC) and ESML Holdings Inc*. (B.D.I. 990) ("the Plan"), ESML has since transferred certain claims and causes of action to the UC Trust.

### B. The Adversary Proceeding and the Motions to Dismiss

On January 11, 2017, ESML filed a complaint against Essar Global, various affiliated entities, and Mr. Vuppuluri, and asserted various causes of action including that Mr. Vuppuluri breached his fiduciary duties to ESML. (Adv. D.I. 1). ESML then filed the First Amended Complaint to name Mr. Bhartia as an additional defendant. (Adv. D.I. 32).

On August 13, 2018, following Plan confirmation, which vested ESML's causes of action in the UC Litigation Trust, Plaintiff filed the Second Amended Complaint against Mr. Vuppuluri and Mr. Bhartia. (Adv. D.I. 61). On September 12, 2018, Defendants moved to dismiss the Second

Amended Complaint. (*See* Adv. D.I. 70-73). Thereafter, the parties briefed various issues, including whether Minnesota's or Delaware's statute of limitations applies to the UC Trust's fiduciary duty claims against Defendants. (Adv. D.I. 73, 84, 88, 91). The Bankruptcy Court heard oral argument and took the matter under advisement.

In a written opinion dated May 23, 2019, the Bankruptcy Court granted the majority of Defendants' motions to dismiss the Second Amended Complaint, but also permitted Plaintiff to re-plead his claims. *See Nystrom v. Vuppuluri (In re Essar Steel Minnesota LLC)*, 2019 WL 2246712, at *11 (Bankr. D. Del. May 23, 2019) ("*Essar I*"). Notably, however, the Bankruptcy Court ruled in Plaintiff's favor with respect to the applicable statute of limitations, finding that Minnesota's six-year statute of limitations governs the fiduciary duty claims. *Id*. at *4. In applying Delaware's choice-of-law rules, which "require the application of the law of the state of incorporation to issues involving corporate internal affairs," the Bankruptcy Court reasoned that a "breach of fiduciary duty relates to the internal affairs of the corporation" and, therefore, "pursuant to Delaware law, the six-year Minnesota statute of limitation applies." *Id*. (citations and internal quotation marks omitted). In so finding, the Bankruptcy Court did "not reach the question of whether the claims were equitably tolled." *Id*. at *4 n.6 (acknowledging that Plaintiff "argue[d] the doctrine of equitable tolling preserves his breach of fiduciary duty claims").

On July 25, 2019, Plaintiff filed the Third Amended Complaint. (Adv. D.I. 121). The Third Amended Complaint alleged that Defendants, as governors and officers of ESML, breached their fiduciary duties to ESML by engaging in self-dealing, acting in bad faith, and failing to exercise judgment and due care with respect to the failed project. Certain of the transactions underlying Plaintiff's fiduciary claims occurred before July 8, 2013—three years before the filing of ESML's bankruptcy petition on July 8, 2016. (*Id.* ¶ 121).

3

On September 12, 2018, Defendants moved to dismiss the Third Amended Complaint. (Adv. D.I. 132, 134). In moving to dismiss, Mr. Vuppuluri once again asserted that "Plaintiff's claims based on transactions occurring prior to July 8, 2013 should also be dismissed for the independent reason that they fall outside Delaware's three-year statute of limitations for breach of fiduciary duty claims." (Adv. D.I. 133 at 20). Although Mr. Vuppuluri asked the Bankruptcy Court to "revisit" this issue (*see id*.), his motion to dismiss did not cite any new legal authority or arguments; rather, the motion presented the same arguments that the Bankruptcy Court previously considered and rejected in its prior decision. Plaintiff opposed these efforts to revive this argument and further asserted that, "[e]ven if Delaware's three-year statute of limitations applies, and it does not, Delaware's doctrine of equitable tolling would toll the statute of limitations because the [Third Amended Complaint] alleges an abuse of the fiduciary relationship through actionable self-dealing." (Adv. D.I. 139 at 28 n.17). Because "EMSL's creditors were not aware of, and would have no reason to suspect, that the [Fiduciary] Defendants breached their fiduciary duties to ESML before the bankruptcy petition filing," Plaintiff argued, the Delaware statute of limitations, if it were to apply, was nonetheless "tolled" until the July 8, 2016 filing of the bankruptcy petition. (*Id*.)

On May 5, 2021, after hearing oral argument, the Bankruptcy Court issued its Opinion denying Defendants' motions to dismiss the Third Amended Complaint. *Essar II*, 2021 WL 1812666, at *6. Although Defendants asked the Bankruptcy Court to "reconsider the statute of limitations analysis" set forth in its prior opinion, the Bankruptcy Court determined that the legal analysis underlying the finding that Minnesota's six-year, rather than Delaware's three-year, statute of limitations applies remained unchanged. *See id*. at *3. The Bankruptcy Court therefore declined to "reconsider the statute of limitations analysis and [applied] Minnesota's six-year

statute of limitations to the breach of fiduciary duty claims in this case" (*id*. at *3), and once again noted that it did not need to reach the issue of equitable tolling. *Id*. at n.28.

## II. JURISDICTION AND STANDARD OF REVIEW

This Court has jurisdiction to hear appeals "with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title." 28 U.S.C. § 158(a)(3). Section 158(a) does not identify the standard district courts should use in deciding whether to grant such an interlocutory appeal. *See id.* "Typically, however, district courts follow the standards set forth under 28 U.S.C. § 1292(b), which govern interlocutory appeals from a district court to a court of appeals." *In re AE Liquidation, Inc.*, 451 B.R. 343, 346 (D. Del. 2011).[3]

Under the standards of section 1292(b), an interlocutory appeal is permitted only when the order at issue (1) involves a controlling question of law upon which there is (2) substantial ground for difference of opinion as to its correctness, and (3) if appealed immediately, may materially advance the ultimate termination of the litigation. *See* 28 U.S.C. § 1292(b); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). Entertaining review of an interlocutory order under § 1292(b) is appropriate only when the party seeking leave to appeal "establishes exceptional circumstances [to] justify a departure from the basic policy of postponing review until after the entry of final judgment." *In re Del. and Hudson Ry. Co.*, 96 B.R. 469, 472-73 (D. Del. 1989), *aff'd*, 884 F.2d 1383 (3d Cir. 1989). In part, this stems from the fact that "[p]iecemeal litigation is generally disfavored by the Third Circuit." *In re SemCrude, L.P.*, 2010 WL 4537921, at *2

---

[3] *See also In re Philadelphia Newspapers, LLC,* 418 B.R. 548, 556 (E.D. Pa. 2009) ("Based upon the decision of the Third Circuit in *Bertoli v. D'Avella (In re Bertoli)*, 812 F.2d 136, 139 (3d Cir. 1987), courts within this Circuit confronted with the decision whether to grant leave to allow an interlocutory appeal are informed by the criteria in 28 U.S.C. § 1292(b)").

5

(D. Del. Oct. 26, 2010) (citing *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988)). Further, leave for interlocutory appeal may be denied for "entirely unrelated reasons such as the state of the appellate docket or the desire to have a full record before considering the disputed legal issue." *Katz*, 496 F.2d at 754.

### III. ANALYSIS

The Motions for Leave assert that the Bankruptcy Court committed legal error in determining which state's statute of limitations applied by (1) declining to follow the Delaware choice-of-law rules and instead relying on the internal affairs doctrine; and (2) failing to apply the Delaware Borrowing Statute, Del. Code. Ann. Tit. 10 § 8121. (*See* 21-201-MN, D.I. 1 at 4). These errors, according to Defendants, resulted in the application of Minnesota's six-year statute of limitations rather than Delaware's three year statute of limitations. (*Id.*).

Of the three factors for interlocutory appeal under § 1292(b), "courts place particular weight on whether immediate appeal will materially advance the ultimate termination of the litigation." *In re Paragon Offshore PLC*, 2020 WL 1815550, at *3 (D. Del. Apr. 9, 2020) (citation and internal quotations marks omitted). An interlocutory appeal "materially advances" the litigation if it would "(1) eliminate[] the need for trial, (2) eliminate[] complex issues so as to simplify the trial, or (3) eliminate[] issues to make discovery easier and less costly." *Id.* (citation and internal quotation marks omitted).

Defendants argue that "if Delaware's statute of limitations is found to apply in this case, the scope of this litigation would be significantly curtailed and the Trustee would be time-barred from pursuing certain claims." (Misc. No. 21-201-MN, D.I. 1 at 5). According to Defendants, "a substantial portion of the alleged transactions that form the basis of the Trustee's claims . . . predates July 8, 2013," and "[a]pplying Delaware's statute of limitation would eliminate a

6

significant portion of the conduct" – narrowing the scope and lessening the costs of associated discovery and litigation. (*See id*. at 5-6). Immediate resolution of the statute of limitations issue, Defendants assert, will therefore advance the overall progress of the Trustee's action, rather than result in piecemeal litigation. (*See id*. at 10). Defendants further contend that numerous courts have held that the appeal of an order presenting a legal question as the applicable statute of limitations is appropriate for certification under § 1292(b), and they cite several cases in support. (*See id*. at 6).

Defendants' argument, while initially persuasive, ignores an important facet of this particular litigation – the equitable tolling issue. As Plaintiff correctly asserts, an interlocutory appeal of the Bankruptcy Court's Order with respect to the statute of limitations issue would not obviate the need for a trial on the fiduciary duty claims. According to Mr. Vuppuluri, only that portion of Plaintiffs' fiduciary duty claims based on pre-July 8, 2013 transfers would be time-barred. (Misc. No. 21-201-MN, D.I. 1 at 5-6). Mr. Vuppuluri therefore acknowledges that, regardless of the outcome of this appeal, the parties would continue to litigate the majority of Plaintiff's fiduciary duty claims. (*Id*. at 5 (conceding that, at most, only the "scope" of Plaintiff's fiduciary duty claims would be "curtailed"). The basis for relief asserted in Mr. Bhartia's Motion for Leave, which merely "adopts and incorporates by reference the Argument set forth in Mr. Vuppuluri's Motion for Leave to Appeal," is even more tenuous. Mr. Bhartia only contends that certain pre-July 8, 2013 transfers are time-barred (and not that Plaintiff's breach of fiduciary duty claims are time-barred in their entirety). (Misc. No. 21-215-MN, D.I. 1 at 2). In light of the fact that Mr. Bhartia only began working as Chief Financial Officer of ESML in 2013 (Adv. D.I. 121 ¶ 24), and did not become a governor of ESML until April 2014 (*id*.), it is beyond dispute that the parties will continue to litigate most, if not all of Plaintiff's fiduciary duty claims against

Bhartia *regardless* of whether the statute of limitations is governed by Minnesota or Delaware law. Accordingly, Mr. Bhartia lacks any basis to suggest that an immediate appeal would materially advance the disposition of the claims against him.

Moreover, even if Delaware's three-year statute of limitations were to govern, such determination would still not fully resolve the issue of whether Delaware's equitable tolling doctrine nonetheless preserves the fiduciary duty claims that are based on pre-July 8, 2013 transfers which Mr. Vuppuluri contends are time-barred. The Bankruptcy Court has acknowledged—but did not need to decide—the issue of whether the "doctrine of equitable tolling preserves [Plaintiff's] breach of fiduciary duty claims." *See Essar I*, at *4 n.6; *Essar II*, at *3 n.28 ("As before, based on the decision herein, the Court does not reach this issue."). Even assuming that Delaware's statute of limitations governs the fiduciary duty claims, the Bankruptcy Court would need to conduct a fact-intensive inquiry on a complete factual record to determine whether Plaintiff can invoke equitable tolling by demonstrating that Defendants, as fiduciaries to ESML, engaged in actionable self-dealing and whether Plaintiff had notice of such breaches. *See e.g., Norman v. Elkin,* 2007 WL 2822798, at *4-5 (D. Del. 2007) ("The determination of when a reasonable person knew or should've known of the facts constituting the claim is a fact[-] intensive inquiry") (citing *Cantor v. Perelman*, 414 F.3d 430, 441 (3d Cir. 2005)) (denying defendants' motion for summary judgment, including on breach-of-fiduciary duty). The Court therefore rejects Mr. Vuppuluri's argument that a favorable finding on this appeal would provide him with certainty that Plaintiff cannot pursue any claims (or discovery) relating to his misconduct prior to July 8, 2013.

"Defendants' failure to meet their burden on the material advancement prong is dispositive, so the Court must deny their requested interlocutory review." *In re Paragon Offshore PLC*, 2020

WL 1815550, at *4; *see Dal-Tile Int'l, Inc. v. Color Tile, Inc.*, 203 B.R. 554, 557 (D. Del. 1996) (denying interlocutory review after determining that "[i]mmediate appeal from this order will not materially advance the ultimate termination of this litigation," without discussion of other § 1292(b) factors); *First Am. Bank of N.Y. v. Century Glove, Inc.*, 64 B.R. 958, 962 (D. Del. 1986) (denying interlocutory review even where "Court conclude[d] that there [was] a substantial ground for difference of opinion"); *L.R. v. Manheim Twp. Sch. Dist.*, 540 F. Supp. 2d 603, 613 (E.D. Pa. 2008) ("Although a controlling and controverted question of law is at issue, immediate appeal is not appropriate here, as it will not materially advance this litigation."); *In re Dwek*, 2011 WL 487582, *5-6 (D.N.J. Feb. 4, 2011) (failure to demonstrate one § 1292(b) factor makes further inquiry unnecessary, so the court "need not address" remaining factors); *In re Sandenhill, Inc.*, 304 B.R. 692, 694 (E.D. Pa. 2004) ("appeal from an interlocutory order of the bankruptcy court" is appropriate "if all three [section 1292(b)] conditions are satisfied"); *Hongkong and Shanghai Banking Corp. Ltd. v. Brandt for CFG Peru Investments Pte. Ltd. (Singapore)*, 2017 WL 6729191, *4 (S.D.N.Y. Dec. 29, 2017) ("all three criteria must be met")).

### IV. <u>CONCLUSION</u>

For the reasons explained above, the Court will deny Defendants' Motions for Leave to appeal the Decision and Order. An appropriate order follows.